**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| Vanessa Brogsdale : | |
| 1510 Aven Drive : | |
| Columbus, Ohio 43227 : | |
| : | Case No.:2:10-CV-1040 |
| Plaintiff, : | |
| : | Judge Smith |
| : | Magistrate Judge Deavers |
| : | |
| v. : | |
| : | |
| The Ohio State University : | **FIRST AMENDED COMPLAINT** |
| c/o E. Gordon Gee : | |
| 205 Bricker Hall : | |
| 190 North Oval Mall : | |
| Columbus, Ohio 43210-1357 : | JURY DEMAND ENDORSED |
| : | HEREON |
| Defendant. : | |
| : | |

## NATURE OF CLAIMS

Now Comes Plaintiff Vanessa Brogsdale ("Ms. Brogsdale") by and through the undersigned counsel, and amends her Complaint as follows:

1. This action is brought because of the unlawful and discriminatory conduct and employment practices of Defendant Ohio State University (hereinafter "OSU"). This action arises out of the disparate treatment and retaliation against Plaintiff Ms. Brogsdale, based on race.

2. Plaintiff Ms. Brogsdale seeks monetary, declaratory, punitive and other equitable relief from discrimination and retaliation in employment on account of her race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e- et seq.

**JURISDICTION AND VENUE**

3. This action is instituted and authorized by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-et seq.

4. Plaintiff has received a right to sue letter as a result of the charge and supporting documents filed by her with the Ohio Civil Rights Commission ("OCRC").

5. Jurisdiction of this Court to hear and determine the claims is based on 28 U.S.C. § 1331. and § 1343.

6. Venue is proper in this Court as all the acts complained of herein occurred in the State of Ohio, within the jurisdiction of this Court.

**PARTIES**

**Plaintiff**

7. Plaintiff Vanessa Brogsdale is an African American female citizen of the United States and a resident of the state of Ohio. As an African-American female, Vanessa Brogsdale is in a class of persons protected by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-et seq., based on her race.

8. Vanessa Brogsdale was employed by The Ohio State University ("Defendant") from March 15, 2004 through the termination of her employment in July 2009.

9. Throughout her employment and at the time of her termination, Ms. Brogsdale was employed as a Regulatory Compliance Officer for the Cancer Center at The Ohio State University ("Defendant"), in Columbus, Ohio.

10. After being terminated from her employment by Defendant, Plaintiff filed a timely charge of discrimination with EEOC.

11.   The EEOC investigated Plaintiff's charges.

12.   On September 2, 2010, the EEOC issued a right to sue letter to Ms. Brogsdale.

**Defendant**

13.  Defendant OSU is an instrumentality of the state, engaged in an industry affecting commerce , which employs more then 20 employees, qualifying as an employer under Title VII, 42 U.S.C § 2000e(b).

**FACTS**

14.  On March 15, 2004, Plaintiff began her employment as the Regulatory Compliance Officer for the Cancer Center at OSU located in Columbus, Ohio.

15.   As the Regulatory Compliance Officer, Plaintiff was the only African American in her department.

16.   Plaintiff is educated with a B.A. and an M.S.A, Masters of Science in Health Administration and has had 7 years experience in her field.

17.   During her employment at OSU Plaintiff was retaliated against for reporting to the HR Department discriminating acts that were being taken against her.

18.   In 2007, several employees left Ms. Brogsdale's department, resulting in fewer employees to accomplish the work.  In particular, Cheryl Weingard, a Caucasian, left the university.

19.   Cheryl Weingard's responsibilities (cooperative group studies) in substantial part were assigned to Ms. Brogsdale, leaving her, a Regulation Compliance Officer, with significantly more responsibilities than her Caucasian co-workers.

20. As a result of her significantly increased workload, the quality of Ms. Brogsdale's work declined. Although Ms. Brogsdale raised concerns about her unusually excessive workload to the appropriate people, no corrective actions were taken.

21. Eventually, due to her significantly increased workload, Ms. Brogsdale was placed on a PIP, Performance Improvement Plan. While on the PIP, she achieved her goals.

22. Despite the fact that she achieved her goals, Trina Williams, Ms. Brogsdale's manager, maliciously threatened to keep her on a PIP indefinitely.

23. Ms. Brogsdale contacted Ms. Oden-Thomas, the Central HR Representative, who informed her that the university could not place her on a PIP indefinitely.

24. In May 2009, Ms. Brogsdale contacted Ms. Williams and objected to indefinite and extraordinary placement on a PIP.

25. One and one half months later, in retaliation for voicing her concern about the PIP, Ms. Brogsdale was terminated.

26. Ms. Brogsdale had in fact met the goals identified in the PIP. Ms. Brogsdale's job was to prepare an IRB protocol application, her performance was measured by the number of errors in the IRB protocol.

27. Before her termination, Ms. Brogsdale had achieved almost 100% error-free IRB protocol and application rate.

28. Some Caucasian employees were well below 100% and had a rate of error higher than Ms. Brogsdale's, and yet they were not terminated.

29. Since her termination, Plaintiff applied for numerous positions at OSU. Despite having more education and more experience than her supervisors and co-workers, Ms. Brogsdale was not granted an interview.

30. Defendant contracted with Plaintiff to ensure equality in employment within the company. Defendant then breached that contract with Plaintiff by violating the terms of the contract, and by terminating her in retaliation for her concern regarding indefinite placement on a PIP.

31. Over the course of her seven years of employment at OSU, Ms. Brogsdale diligently performed her duties despite the unfair challenges imposed upon her by OSU.

32. Defendant is subject to Ohio laws against discrimination because it is a political subdivision of the state, an entity employing four or more people within Ohio, and acting directly or indirectly in the interest of the aforementioned employer is subject to these laws.

33. Defendant has a history of paying settlements to employees due to discriminating against them.

## CLAIM FOR RELIEF
### Race Discrimination in Violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. 2000e-et. seq. § 102 of Civil Rights Act of 1991

34. Plaintiff Brogsdale hereby realleges and incorporates by references as if fully set forth herein, the allegations of paragraphs 1 through 33 above.

35. Defendant Ohio State University discriminated and retaliated against Plaintiff on the basis of her race by placing her on a PIP and terminating her.

36. As a direct and proximate result of Defendant Ohio State University's discriminatory conduct, as described herein, Plaintiff Brogsdale has suffered loss of

income and benefits, emotional distress, anxiety, anguish, humiliation, and other incidental and consequential damages and expenses, all to Plaintiff's damages in an amount according proof.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Vanessa Brogsdale respectfully requests that the Court:

    A.  Order Defendant to make Plaintiff whole by awarding her appropriate back pay, front pay and any benefits Plaintiff would have received had Defendant not discriminated and retaliated against her on the basis of her race:

    B.  Award Plaintiff liquidated and consequential damages in an amount to be determined at trial for the economic loss she has suffered as a proximate result of Defendants' conduct;

    C.  Impose liability upon Defendant;

    D.  Award Plaintiff compensation for past and future pecuniary losses resulting from Defendant's unlawful employment practices, including compensatory and punitive damages for humiliation, damage to reputation, mental and emotional distress, and pain and suffering that she experienced and endured as a result of Defendant's conduct;

    E.  Award Plaintiffs punitive damages for malicious and reckless conduct;

    F.  Award Plaintiff pre and post judgment interest on all sums awarded;

    G.  Award Plaintiff the costs incurred in her action and reasonable attorneys' fees; and

    H.  Grant such other legal and equitable relief as is necessary and proper.

6

**JURY DEMAND**

Plaintiff requests a jury to hear and decide all issues of fact.

Respectfully submitted,

S/William W. Patmon III
William W. Patmon, III (#0062204)
Patmon LLC
Attorneys and Counselors at Law
4100 Regent Street, Suite U
Columbus, Ohio 43219
(614)  470-9860 (Phone)
(614)  470-9930 (Facsimile)
wpatmon@patmonlaw.com
*Attorney for Plaintiff Brogsdale*

**CERTIFICATE OF SERVICE**

I hereby certify that *Plaintiff's First Amended Complain*  was filed electronically on February 4, 2011. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

S/William W. Patmon III
William W. Patmon, III (#0062204)